UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO BOGARIN-FLORES,<br><br>    Petitioner,<br>v.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security; ERIC HOLDER, Attorney General,<br><br>    Respondents. | Civil No. 12cv0399 JAH(WMc)<br><br>**ORDER DENYING RESPONDENTS' MOTION TO DISMISS [DOC. # 7] AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[28 U.S.C. § 2241] |

## INTRODUCTION

Currently pending before this Court is respondents Janet Napolitano, Secretary of Department of Homeland Security and Eric Holder, Attorney General's ("respondents") motion to dismiss the instant petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by petitioner Alejandro Bogarin-Flores ("petitioner"), appearing through counsel. The petition seeking immediate release from detention by the United States Immigration and Customs Enforcement ("ICE"), a part of the Department of Homeland Security ("DHS"). After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court DENIES respondents' motion to dismiss and GRANTS the petition for writ of habeas corpus.

//
//
//

## BACKGROUND

Petitioner, a citizen of Mexico, has lived in the United States since 1984 and has been a lawful permanent resident since 1993. On December 15, 2009, petitioner pled guilty to a violation of California Health and Safety Code §§ 11379(a) and 11378, possession of a controlled substance with intent to distribute while personally armed with a firearm, and subsequently received a suspended sentence of 365 days and three years probation.

On January 20, 2012, petitioner was arrested by agents of DHS. A hearing before the Executive Office of Immigration Review was held before an immigration judge on February 8, 2012, wherein petitioner was notified he was subject to mandatory detention and petitioner's request for a bond hearing was denied for lack of jurisdiction pursuant to § 236(c) of the Immigration and Naturalization Act ("INA").

Petitioner filed the instant petition on February 14, 2012. Respondents' motion to dismiss was filed on April 12, 2012. Petitioner filed a response in opposition to respondents' motion on May 1, 2012. On August 9, 2012, petitioner filed a motion seeking to expedite the ruling on the instant petition. *See* Doc. # 9.

## DISCUSSION

Petitioner contends, in his petition, that the DHS wrongly interpreted the provision of the INA, 8 U.S.C. § 1226(c)(1)(B), governing mandatory detention of aliens. *See* Pet. ¶¶ 1-3. Specifically, petitioner contends the immigration judge erred by refusing to hold an individualized bond hearing on the grounds that the immigration judge was bound by § 236(c) of the INA,[1] among other things. Pet ¶¶ 11-12. Petitioner contends the decision

---

[1] Section 236(c) of the INA provides, in relevant part, that: "(1) CUSTODY.— The Attorney General shall take into custody any alien who— (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2), (B) is deportable by reason of having committed any offense covered in section 212(a)(2)(A)(ii), (A)(iii), (B), (C), or (D), (C) is deportable under section 237(a)(2)(A)(i) on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment for a least 1 year, or (D) is inadmissible under 212(a)(3)(B) or deportable under section 237(a)(4)(B), when the alien is released, without regard to whether the alien is released on parole, supervised release, and without regard to whether the alien may be arrested or imprisoned again for the same offense. (2) RELEASE.— The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides . . . that release of the alien from custody is necessary [for certain witness protection matters], and the alien satisfies the Attorney

1 to detain him was based on an erroneous interpretation of § 236(c).  Pet. ¶ 12.

2   Respondents move to dismiss the instant petition on the grounds that (1) petitioner failed to name the proper respondent; and (2) petitioner is properly subject to mandatory detention and is not entitled to a bond hearing based on petitioner's status as a convicted aggravated felon.  Doc. # 7-1.

**1.   Proper Respondent**

According to defendants, the proper respondent in this action is the warden of the institution holding petitioner and the petition should be filed in the district of his confinement.  Doc. # 7-1 at 2 (citing Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name the warden as respondent and file the petition in the district of confinement"); Smith v. Idaho, 392 F.3d 340, 355 (9th Cir. 2004)).  Based on this authority, defendants contend that the warden of the facility housing petitioner, and not the Attorney General and the Secretary of Homeland Security, who are the named respondents here, is the proper respondents.  Id.  Thus, defendants contend the instant petition should be dismissed for lack of jurisdiction.  Id. at 3 (citing Padilla, 542 U.S. at 435; Smith, 392 F.3d at 355-56.

Petitioner, in response, does not dispute that Padilla found the warden was the appropriate respondent in § 2241 habeas cases such as this, and explicitly declined to resolve the split of authority regarding whether the Attorney General is the appropriate respondent in habeas claims made by aliens pending deportation.  Doc. # 8 at 1-2 (citing Padilla, 542 U.S. at 436 n.8).[2]  Petitioner, however, argues that, because the warden of the

---

General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.  A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien."

[2] Petitioner claims the Ninth Circuit has found the Attorney General and the Security of the Department of Homeland Security are proper respondents in cases such as this one.  Doc. # 8 at 2 (citing Armentero v. INS, 340 F.3d 1058 (9th Cir. 2003)).  This Court notes that Armentero is the only Ninth Circuit opinion addressing the issue and the opinion has since been withdrawn, rendering it not citeable.  *See* Armentero v. INS, 350 F.3d 106 (9th Cir. 2003), *opinion withdrawn by* Armentero v. INS, 382 F.3d 1153 (9th Cir. 2004).

detention facility where petitioner is currently housed has no legal authority to release a detainee, the proper respondent here is the Attorney General and the Secretary of Homeland Security.  Id.

This Court is mindful that there is no Ninth Circuit authority addressing this issue. Nevertheless, this Court finds the reasoning presented by petitioner is persuasive.  Since the warden of the facility holding petitioner, in this case the Otay Mesa Detention Facility which is run under contract by the Corrections Corporation of America, has no authority to release petitioner, it would be counter-productive to place the responsibility of responding to the instant petition upon him.  This Court agrees that such responsibility should fall upon the officials that are legally responsible for petitioner's continued detention, that is, the Attorney General and the Department of Homeland Security. Therefore, this Court finds petitioner has named the proper respondent.  Accordingly, defendant's motion to dismiss for failure to name a proper respondent is DENIED.

**2.     Mandatory Detention**

Respondents, in the instant motion, argue that the petition should be dismissed because petitioner is properly subject to mandatory detention under § 1226(c) and, thus, is not entitled to a bond hearing based on petitioner's status as a convicted aggravated felon. Doc. # 7-1 at 3.  Respondents point out petitioner does not dispute his aggravated felon status.  Id.  Respondents claim the immigration judge's applied an appropriate interpretation of the statute and correctly decided to decline petitioner's request for a bond hearing and detain petitioner under the mandatory detention provision of § 1226(c), which requires the Attorney General to detain aliens who are removable due to the commission or conviction of certain criminal offenses, including controlled substance and firearm offenses such as in this case, "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  Id. (quoting 8 U.S.C. § 1226(c)(1); and citing Matter of Rojas, 23 I.&N. Dec. 117 (BIA 2001)).  In Rojas, the Board of Immigration Appeals ("BIA")  determined the "when released"

provision of Section 1226(c) was ambiguous and, after analyzing the legislative history of the statute, concluded that an alien convicted of one of the enumerated offenses was subject to mandatory detention even where there is a gap between the entry into DHS custody and the time of release from criminal custody. *See* Rojas, 23 I.&N. Dec. at 120-124. Based on this construction, respondents contend petitioner is properly subject to mandatory detention under Section 1226(c). Doc. # 7-1 at 11.

Petitioner disagrees, contending that Rojas was wrongly decided. Doc. # 8 at 3. According to petitioner, the BIA erred in finding the statutory language ambiguous, pointing out that various district courts have considered the issue and found the term "when released" to unambiguously require an alien be taken into DHS "custody 'just after the moment that' he is released." Id. (quoting Alikhani v. Fasano, 70 F.Supp.2d 1124, 1130 (S.D. Cal. 1999);[3] Rianto v. Holder, 2011 WL 3489623 (D.Ariz. 2011); Bromfield v. Clark, 2007 WL 527511 (W.D. Wash. 2007); Quezada v. Bucio, 317 F.Supp.2d 1221, 1228 (W.D.Wash. 2004); Pastor-Camarena v. Smith, 977 F.Supp. 1415 (W.D.Wash. 1997), among others).

This Court's review of the case authority cited, along with the Court's own independent research, reveals that the weight of authority leans toward petitioner's viewpoint. The Fourth Circuit, the only circuit to weigh in on the issue, found Rojas was decided correctly but did not present any independent reasoning or statutory construction, instead giving deference to the BIA's decision. *See* Hosh v. Lucero, 680 F.3d 375, 377 (4th Cir. May 25, 2012). However, various district courts in the Ninth Circuit have found the opposite, that aliens who are not taken into custody immediately upon release from criminal custody are not subject to mandatory detention under § 1226(c) for a variety of reasons. *See, e.g.*, Rianto, 2011 WL 3489623 at *3 (concluding that "because petitioner was not taken into custody until seven years after he was released from custody for the crimes found as the basis for removability, mandatory detention under § 1226(c) is not

---

[3] The district court, in Alikhani did not, as suggested by petitioner, decide this issue but instead found, in *dicta*, that the statute was unambiguous. *See* Alikhani, 70 F.Supp.2d at 1130.

authorized."); Zabadi v. Chertoff, 2005 WL 3157377 *4-5 (N.D.Cal. Nov. 22, 2005)(distinguishing Rojas, who was detained by immigration authorities two days after he was released from incarceration for his criminal conviction, from Zabadi, who was free for more than two years before he was detained, finding the DHS must act within a reasonable period of time to detain or must show good cause for the delay and finding the statute not ambiguous); Quezada, 317 F.Supp.2d at 1230-31 (disagreeing with the decision in Rojas, finding "that the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or several years after they have been released from state custody" and "that those aliens should be provided with individualized bond hearings pursuant to INA § 236(a).").

      This Court is persuaded by the reasoning presented in Rianto, Zabadi, and Quezada. This Court finds that the plain language of the statute is not ambiguous and clearly applies the mandatory detention provision to those aliens who are detained upon release from criminal custody. *See* 8 U.S.C. § 1226(c). This Court further finds that Rojas is distinguishable from the instant case because Rojas concerned an alien who was detained by immigration officials two days after his release from criminal custody whereas, here, petitioner was detained two years after being released. Thus, this Court finds petitioner is not subject to mandatory detention under § 1226(c). Therefore, respondents' motion to dismiss the instant petition is DENIED. In addition, this Court finds no further briefing is required to address the merits of the instant petition and, accordingly, GRANTS the petition for writ of habeas corpus.

//
//
//
//
//
//
//

<u>**CONCLUSION AND ORDER**</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondents' motion to dismiss [doc. # 7] is **DENIED**;
2. The petition for writ of habeas corpus [doc. # 1] is **GRANTED**;
3. The government will either release petitioner from custody under an order of supervision or, within 60 days from the entry of this Order, afford petitioner an individualized bond hearing before an immigration judge with authority to grant bail unless the government established that he is a flight risk or a danger to the community;
4. Petitioner's motion to expedite ruling on the instant petition [doc. # 9] is **DENIED as moot**.

Dated: August 10, 2012

JOHN A. HOUSTON
United States District Judge